UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10727-RGS

R.H.

v.

CHERYL R. MALONEY, as she is
SUPERINTENDENT OF SCHOOLS,
TOWN OF WESTON, EDWARD HELLER,
RICHARD MANLEY, COURT CHILTON,
MARYANNE ROGERS, SANJAY SAINI,
DANIELLE BLACK, ROSEMARY TOMASO,
ANTHONY A. PARKER, KELLY FLYNN,
KELLIE MAHONEY, TOWN OF WESTON
PUBLIC SCHOOL DISTRICT and the
TOWN OF WESTON

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

October 10, 2013

STEARNS, D.J.

Plaintiff R.H. instituted this action in March of 2013, to challenge his suspension and ultimate expulsion from Weston High School in Weston, Massachusetts. In his Complaint, R.H. alleges that school officials violated his right to procedural and substantive due process and to equal protection of the laws under the United States Constitution. The claims are framed under the Federal Civil Rights Act, 42 U.S.C. § 1983 and § 1988.

R.H. had previously filed suit in the Massachusetts Superior Court (in June of 2010) based on the same set of facts and the analog right to due process rights promised guaranteed by the Massachusetts Declaration of Rights. In due course, a Superior Court judge granted summary judgment to defendants.[1] R.H. appealed and the case was calendared for oral argument by the Massachusetts Appeals Court on October 4, 2013.

Defendants now move to dismiss the federal case on principles of res judicata, the legal doctrine that "prevents the relitigation of issues that were or could have been dealt with in an earlier litigation." *Mulrain v. Bd. of Selectmen of Town of Leicester*, 944 F.2d 23, 25 (1st Cir. 1991) (applying Massachusetts law). "The issue is 'not whether the plaintiff in fact argued his [current] claims in the state proceeding, but whether he could have.'" *Id.*, quoting *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir. 1983). R.H. opposes the motion to dismiss arguing that "this court is not barred from hearing [the] case on res judicata grounds as he (1) properly reserved his federal claims under the *England* doctrine, and (2) it [sic] fits within a generally accepted

---

[1] A Superior Court judge earlier ordered R.H.'s return to school with conditions. The school took an interlocutory appeal of the Order. The Massachusetts Supreme Judicial Court vacated the Superior Court order on procedural grounds, and remanded the case to the Superior Court for a further hearing. This issue is now moot as R.H. graduated high school in June of 2012 and is currently enrolled in a college course.

exception of claim splitting to the res judicata doctrine." Opp'n Mem. at 2. The argument is unavailing as a recent First Circuit decision discussing the *England* doctrine makes clear.

> Here is how the *[England v. Louisiana State Board of Med. Exam'rs*, 375 U.S. 411 (1964)]*, reservation works: if a plaintiff has first filed suit in federal court, and if that court orders a *Pullman* abstention – a type of abstention that, basically, "permits the federal court . . . to ask a state court to clarify a murky question of state law involved in the case"– and if the plaintiff "tell[s] the state court that it wishes to litigate its federal claim" in federal court, then the plaintiff can go back "to the federal forum for determination of the federal question after the state court has decided the" state-law issue, without preclusion principles standing in the way.

*Atwater v. Chester*, 2013 WL 5290019, at *4 (1st Cir. September 20, 2013) (internal citations omitted). Because two of the three predicates of an *England* reservation (the filing of a prior federal suit and a *Pullman*[2] abstention order) are not satisfied in R.H.'s case, *England* does not apply. R.H. filed his initial law suit in the state court in 2010, and filed this federal case in March of 2013, only after judgment in the state court entered. No *Pullman* order has been entered by this court (and given the posture of the state litigation there would be no reason to do so).

Nor can R.H. claim the narrow exceptions to claim splitting identified

---

[2] *See R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

3

in Section 26 of the Restatement (Second) of Judgments. Section 26 states that

> (1) [w]hen any of the following circumstances exists, the general rule of § 24 [claim splitting] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> > (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
> >
> > (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action.

R.H. argues that his case fits within § 26(1)(a) because defendants "never objected in state court, and thereby acquiesced to RH's reservation of his claim." Opp'n Mem. at 4. The argument ignores the comment to § 26(1)(a), which explains:

> [t]he parties to a pending action may agree that some part of the claim shall be withdrawn from the action with the understanding that the plaintiff shall not be precluded from subsequently maintaining an action based upon it. Or there may be an effective agreement, before an action is commenced, to litigate a part of a claim in that action but to reserve the rest of the claim for another action. So also the parties may enter into an agreement, not directed to a particular contemplated action, which may have the effect of preserving a claim that might otherwise be superseded by a judgment, for example, a clause included routinely in separation agreements between husband and wife providing that the terms of the separation agreement shall not be invalidated or otherwise affected by a judgment of divorce and that those terms shall survive such a judgment.

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

R.H. does not allege the existence of an agreement between the parties memorializing the reservation of his federal claims – rather he contends that defendants "never objected" to his reservation. An acquiescence to claim splitting is deemed to occur only when a defendant is confronted with "simultaneously maintain[ed] separate actions," and proceeds to litigate the parallel actions without interposing an objection. *Id.* As there was no simultaneous filing of state and federal cases by R.H., § 26(1)(a) does not apply.

R.H. also claims that the exception to res judicata set out in § 26(1)(b) of the Restatement applies because the Massachusetts courts "have constructively supported R.H.'s reservation by ruling only on [his] state claims." Opp'n Mem. at 6. However, the § 26(1)(b) exception applies only when "the court in the first action **expressly** reserves plaintiff's right to maintain the second action." *Id.* (emphasis added). R.H. offers no evidence of the state court's express reservation of his federal claims – nor is there any

as his careful choice of the phrase "constructive support" concedes.

## ORDER

For the foregoing reasons, defendants' motion to dismiss the Complaint with prejudice is <u>ALLOWED</u>.  The Clerk will enter an order of dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE